```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

```
GEORGE BONNER,                      :

     Petitioner,                    :

v.                                  :    CIVIL ACTION 16-0028-CG-M

LEE POSEY DANIELS,                  :

     Respondent.                    :
```

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record, and the Court's own records, are adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be denied as time-barred, that this action be dismissed, and that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.  Finally, it is recommended that judgment be entered in favor of Respondent, Lee Posey Daniels, and against Petitioner, George Bonner, on all claims.

1

Petitioner was convicted of second degree rape in Choctaw County Circuit Court on November 30, 1999 for which he was sentenced to thirty years in the penitentiary (Doc. 1, p. 2; *see also* Doc. 10, Exhibit 2, pp. 2-3).  No appeal was filed (*see* Doc. 1, p. 3).

On March 13, 2013, Bonner filed a habeas petition in this Court.  *Bonner v. Forniss*, C.A. 13-0132-WS-B, at Doc. 1 (S.D. Ala. March 20, 2014).  On February 19, 2014, U.S. Magistrate Judge Bivins entered a Report and Recommendation that the petition be barred by the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) as it was filed more than twelve years after the statute of limitations period had expired (*id.* at Doc. 22).  On March 20, 2014, Chief U.S. District Court Judge Steele adopted the Report and Recommendation as the opinion of the Court and entered judgment against Bonner (*id.* at Docs. 27-28).

Petitioner filed the current habeas petition on January 8, 2016, raising the following claims:  (1) He was not made aware that he was subject to be sentenced under the Alabama Habitual Felony Offender Act; and (2) he is serving a sentence on a charge (second-degree rape) that was actually dismissed with prejudice (Doc. 1).  Respondent Answered the Complaint, asserting that this was a successive petition and that Bonner

had failed to seek approval from the Eleventh Circuit Court of Appeals to file it (Doc. 10).

The undersigned notes that this Court's review is barred from reviewing this petition without a certificate from the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b).  In an Order instructing Petitioner to address this issue, the Court noted that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A) (Doc. 11).

The Court notes that Petitioner has provided no evidence that he has been given the authority to file this action (*see* Docs. 12-14).  Rather, he has argued that his first action was not really a habeas petition but "was a petition to have the state trial court to turn over records that they withheld preventing Bonner from perfecting his appeal" (Doc. 12, p. 1).  Petitioner asserts that although he mislabeled the petition, he was only trying to compel discovery; he urges this Court to look at his first action liberally for its true substance rather than the caption under which it was filed (*id.* at pp. 1-2).

The Court has reviewed Bonner's prior action and notes that Judge Bivins, in her Report and Recommendation, noted that he

sought "'an order on the trial court of Choctaw County to turn over the notice of appeal' and his complete trial records associated with his 'appeal file [from] September 21, 2012.' (Doc. 1 at 15)." *Bonner,* at Doc. 22, pp. 2-3.  In citing the reference, Bivins dropped a footnote that stated the following:

> As best the undersigned can discern, Bonner contends that he filed a Rule 32 petition with the Circuit Court of Choctaw County, Alabama on November 4, 2010, that after his petition was denied, he filed a Notice of Appeal by the certified mail, and that the Clerk of Court has failed to docket his appeal.  According to Bonner, he filed a Rule 32 petition with the Circuit Court of Choctaw County, Alabama, which was denied. (Doc. 1 at 14, 16-17, 18).  According to Bonner, he has filed Writs of Mandamus with the Alabama Court of Criminal Appeals and the Alabama Supreme Court in an attempt to force the trial court of Choctaw County to turn over his appeal and trial records.  The writ was transferred to the Presiding Judge of the Choctaw Circuit Court for consideration.  (Id. at 54).  On January 18, 2013, Bonner filed another Writ of Mandamus in the Alabama Court of Criminal Appeals, requesting that the court direct the Presiding Judge of Choctaw County Circuit Court to take some action on the writ that was transferred to him.  (Id. at 54-64).

*Bonner,* at Doc. 22, pp. 2-3 n.2.

The undersigned notes that "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within

4

a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003). "They may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Id.* at 381-82.

The undersigned finds that Bonner's previous action specifically requested that this Court order a state court to perform particular actions; it raised no claims regarding either his State conviction or sentence as required in 28 U.S.C. § 2254. Therefore, the undersigned recharacterizes the prior action, *Bonner v. Forniss*, C.A. 13-0132-WS-B (S.D. Ala. March 20, 2014), to have been a writ of mandamus rather than a Section 2254 action.[1]

Nevertheless, it is noted that "[f]ederal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought." *Bailey v. Silberman*, 226 Fed.App'x 922, 924 (11th Cir. 2007) (unpublished)[2] (*citing*

---

[1] The undersigned notes that no particular authority has been found that allows for recharacterizing a prior action as is the case here; however, the undersigned finds it appropriate in this circumstance.

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

*Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973)).[3]  Therefore, the undersigned finds that the prior action was properly dismissed since the Court could not grant the requested relief.

    After considering these conclusions, the undersigned finds that it would be improper to deny this petition on the grounds that it is successive.  Therefore, the undersigned will treat this action as Bonner's first Section 2254 action.

    Nevertheless, the undersigned finds that this petition should be denied on different grounds.  Judge Bivins set out, in her Report and Recommendation, the history of Petitioner's litigation through the state court and how his failure to timely file his Section 2254 petition precluded its consideration by AEDPA.  *Bonner,* at Doc. 22, pp. 3-7.  Next, the Judge determined that Bonner had failed to demonstrate the following: extraordinary circumstances for his failure to timely file his petition; reasonable due diligence in prosecuting his claims; or any reason that he was entitled to equitable tolling of AEDPA's limitations period.  *Bonner,* at Doc. 22, pp. 7-9.

    The undersigned has found no error in these conclusions.  However, for the convenience of the Parties and the readers of

---

[3]The Eleventh Circuit, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as precedent decisions

this Report, the Court will, once again, go through the AEDPA analysis.

The specific, pertinent provision of AEDPA states the following:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

In the present petition, Bonner states that he was convicted on November 30, 1999; he admits that he filed no appeal (Doc. 1, pp. 2-3). Under Alabama law, "[i]n a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (six weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)." Ala.R.App.P. 4(b)(1). Therefore, Petitioner's conviction became final on January 11, 2000, the last day he could file an appeal of his

---

of the former Fifth Circuit rendered prior to October 1, 1981.

conviction.  The AEDPA limitations clock began to run the next day and expired on January 11, 2001.

Bonner's habeas corpus petition was not filed in this Court until January 8, 2016, nearly fifteen years after the limitations period had expired.  Records show that Petitioner filed his first Rule 32 petition in state court on June 27, 2001, more than five months after the limitations period had expired.  *See Bonner*, Doc. 15, Exhibit B, p. 2.  The undersigned notes, however, that the Eleventh Circuit Court of Appeals has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).  Petitioner's Rule 32 petition was filed too late to toll the AEDPA statute.[4]

The undersigned finds that Bonner's habeas corpus petition was filed well beyond the one-year AEDPA limitations period and filed in violation of 28 U.S.C. § 2244(d).  The undersigned finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996:  this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be denied as time-barred and that this

---

[4]It appears that Bonner filed two other Rule 32 petitions (*see*

action be dismissed.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Bonner is barred by the AEDPA statute of limitations from bringing this action, a reasonable jurist could not conclude that this Court errs in dismissing the instant petition or that Petitioner should be

---

Doc. 1, pp. 3-6), but it is of no moment as they, too, came too late.

allowed to proceed.  *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Bonner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied and that this action be dismissed.  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.  Finally, it is recommended that judgment be entered in favor Respondent, Lee Posey Daniels, and against Petitioner, George Bonner.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 16th day of June, 2016.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
